UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE LAMAR JACKSON,

    Petitioner,

                                                          Case No. 07-10779

v.

                                                          Honorable Patrick J. Duggan

THOMAS K. BELL,

    Respondent.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 4, 2007.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Andre Lamar Jackson ("Petitioner"), currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 and a motion for appointment of counsel. On August 21, 2002, Petitioner was convicted of two counts of first-degree murder and one count of possession of a firearm during the commission of a felony. He is serving a sentence of life imprisonment for the murder convictions and a consecutive term of two years for the felony firearm conviction.

Petitioner alleges that he filed a motion for relief from judgment in state court on February 22, 2007, simultaneously with the filing of his federal habeas corpus petition.

The motion contains the following issues that were not raised on direct appeal:

> I. Defendant was denied his constitutional right to the effective assistance of counsel where defense counsel failed to investigate ballistics evidence.
>
> II. Defendant was denied the effective assistance of appellate counsel where his appellate attorney did not raise the above issue during his appeal by right.

(Petition at 5).

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). The exhaustion requirement is satisfied if a prisoner invokes "one complete round of the state's established appellate review process," including a petition for discretionary review to a state supreme court.[1] *O'Sullivan*, 526 U.S. at 845, 119 S. Ct. at 1732. Absent unusual or exceptional circumstances, courts must dismiss habeas petitions containing claims that have not been fairly presented to the state court. *Rose v. Lundy*, 455 U.S. 509, 510, 522, 102 S. Ct. 1198, 1199, 1205 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996).

Acknowledging that his petition contains both exhausted and unexhausted claims and fearing that the one-year statute of limitations to file federal habeas petitions may

---

[1] Michigan prisoners "must present their claims to the Court of Appeals and the Michigan Supreme Court before presenting them in a federal habeas corpus petition." *See Mohn v. Bock*, 208 F. Supp.2d 796, 800 (E.D. Mich. 2002); *see also Baldwin*, 541 U.S. at 29, 124 S. Ct. at 1349.

expire before he is able to exhaust all his claims, Petitioner seeks to have the Court hold his habeas petition in abeyance until the state courts complete their review of his unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535 (2005)(holding that district courts are permitted, "in limited circumstances," to hold a federal habeas petition containing exhausted and unexhausted claims in abeyance while a petitioner presents his or her unexhausted claims to the state court). In the event this Court holds his petition in abeyance, Petitioner asks the Court to give him 60 days after the state courts complete their review of his motion for relief from judgment to file a motion for reinstatement of his federal habeas petition.

This Court does not believe a stay is necessary at this time. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period on habeas petitions filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The one-year period does not begin to run until "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* "Direct review" includes review by the United States Supreme Court. *See Jackson v. Florida*, 127 S. Ct. 1079, 1083 (2007)("When interpreting similar language in 28 U.S.C. § 2255, 'direct review' has long included review by [the United States Supreme] Court. Indeed, . . . 'the Courts of Appeals have uniformly interpreted 'direct review in 2244(d)(1)(A) to encompass review of a state court conviction by [the Supreme] Court.")(internal citation omitted); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2003)(holding "that, under 2244(d)(1)(A), the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in

3

the United States Supreme Court has expired"). A writ of certiorari from the United States Supreme Court must be filed within "90 days after entry of judgment" "by a state court of last resort." SUP. CT. R. 13.

Assuming Petitioner's allegations are true, he filed his motion for relief from judgment on February 22, 2007, the same day he filed his federal habeas petition. In this case, the one-year limitations began to run 90 days after May 31, 2006, the day the Michigan Supreme Court denied leave to appeal, and continued to run until February 22, 2007, the date Petitioner allegedly filed his motion for relief from judgment. If Petitioner filed his motion for relief from judgment in state court on February 22, 2007, the one-year limitations period was tolled from that date, leaving Petitioner with approximately six months to re-file a federal habeas petition with the unexhausted claims. *See* 28 U.S.C. § 2244(d)(2)(tolling the one-year limitations period for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending). Granting Petitioner's request, staying the case, and giving Petitioner 60 days from a final judgment on his state post-conviction motion to file a motion for reinstatement of his federal habeas petition would shorten the remaining time Petitioner has to re-file his petition by approximately four months.

For these reasons, a stay is unnecessary at this time. Instead, the Court will dismiss the petition without prejudice, allowing Petitioner to present his unexhausted claims to the state court and re-file a federal habeas petitioner with the exhausted and unexhausted claims. Because this Court is dismissing the petition without prejudice, Petitioner's motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS ORDERED** the petition is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel is **DENIED** as moot.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Andre Jackson
381114
Carson City Correctional Facility
10522 Boyer Rd.
Carson City, MI 48811